NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK Bar No. 8911061

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case 3:05-CR-00108-7-JWS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | UNITED STATES SENTENCING |
| ALEXANDER BOOKER, ) | MEMORANDUM |
| ) | |
| Defendant. ) | |
| ) | |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . . **70 MONTHS**

**TERM OF SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . **3 YEARS**

**FINE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$0.00**

**SPECIAL ASSESSMENT** ............................. **$400.00**

The United States Probation Office [USPO] has prepared the presentence report [PSR] in this case and the United States does not dispute the factual findings the USPO has made. The United States will rely upon the factual statements in the PSR in making its sentencing recommendations.

Following his pleas of guilty, the defendant stands convicted of one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and three counts of money laundering, in violation of 18 U.S.C. § 1956. The USPO has recommended the Court find the defendant's total adjusted base offense level for the counts of conviction to be 23 and that, with the defendant's criminal history category classification of IV, the defendant's sentence range to be between 70 and 87 months of imprisonment.

The USPO has accurately assessed the information the United States developed as part of its investigation in this matter and has accurately set forth in the PSR the background information of the defendant's criminal activities. If necessary, the United States is prepared to present evidence to support the information contained in the pre-sentence report.

In accordance with the U.S.S.G. and the sentencing factors set forth in 18 U.S.C. § 3553, the United States recommends a sentence 70 months of imprisonment to run concurrent, a special assessment of $400.00, and a term of three years supervised release. The United States does not recommend the imposition of a fine, based on the defendant's apparent current or foreseeable ability to pay a substantial fine.

The defendant argues the Court should include a four level downward adjustment pursuant to U.S.S.G. § 3B1.2(a). The United States disagrees with the defendant's assessment of his role. The Court should not grant the defendant any downward adjustment for role. First, the defendant's sentence exposure has been substantially reduced based on the nature of the offenses to which he pleaded guilty. Second, the defendant's guideline sentence calculation is based entirely upon his own conduct, not that of others. Third, because the defendant was involved in concert with Carlos Rainey is wiring drug proceeds to Shannon Rainey, the defendant held a position of trust with Carlos Rainey. That is, Carlos Rainey trusted the defendant not to steal his drug proceeds. Thus, the defendant was not substantially less culpable than any other defendant charged in the indictment. Furthermore, the defendant was not plainly less culpable than any of his co-defendants.

The defendant further argues his criminal history category classification substantially overstates his criminal history.  The United State disagrees.  First, the USPO has correctly calculated the applicable points for his prior convictions.  Second, the defendant's criminal history reveals not only convictions for assaultive behavior, but also a history of criminal association with cocaine trafficking.  Thus, the defendant's criminal history reveals that he is in a category that accurately reflects his criminal propensity and thus warrants a more substantial punishment than a person whose only past criminal history included simple driving offenses.  The Court should not grant a criminal history departure.

RESPECTFULLY SUBMITTED this day, September 22, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2006
a copy of the foregoing was served
electronically:


s/ Stephan A. Collins